## J. A. AND G. W. HOLLINGSWORTH *v.* JOHN WILLIS.

1. DISTRESS FOR RENT. *Affidavit. Meaning of " in arrear." Amendment. Section 1302, Code of 1880. Case in judgment.*

    The words "rent in arrear," used in an affidavit in distress for rent, mean the same as "rent due and in arrear," the words prescribed by § 1302 of the Code of 1880, even though the affidavit contain the allegation that the affiant "has cause to believe, and does believe, that the tenants will remove their effects from the premises before the rent will become due," and the striking out of such allegation makes no change in the import of and legal effect of the affidavit in stating that the rent is due.

2. SUPREME COURT PRACTICE. *Motion in lower court. Affidavits in record, but not in bill of exceptions.*

    Affidavits in support of a motion to set aside an award, which are referred to in the bill of exceptions, but not there set out, will not be considered by this court, though certain affidavits which appear to be the same are set out elsewhere in the transcript.

3. ARBITRATION AND AWARD. *Return of award into court. Judgment final, when to be entered. Section 2412, Code 1880.*

    H. sued W. The cause was submitted to arbitration, and an award made in favor of W. and returned into court several days before the term next thereafter. At that term H. moved to set aside the award. The court overruled the motion, and at the same term entered up judgment final on the award. *Held,* that H., having by his motion invited action upon the award, cannot complain that judgment was improperly entered at that term, because of the provision of § 2412 of the Code of 1880, authorizing the court to vacate such award on complaint " made before the end of the term of the court next after such award be made and returned to such court."

APPEAL from the Circuit Court of Sharkey County.

HON. RALPH NORTH, Judge.

The case is stated in the opinion of the court.

*Calhoon & Green,* for the appellants.

1. We believe this appeal is premature, because by the code, § 2412, either party had until the end of the term next succeeding that when the award was made in which to make objections to the award. This time has not yet elapsed. If your honors take this view, we beg that the dismissal be put specifically on that ground, so that an appeal be not lost on further action in the court below.

2. Judgment was improperly rendered against the sureties, because when the court allowed the affidavit for attachment by the landlord to be amended from one of rent not due to one for rent due and in arrears, the sureties were discharged. 36 Ill. 306; Brandt, §§ 397, 400, 407, 416; *Smith* v. *Roby*, 6 Heisk. (Tenn.) 546; Morse on Arbitration 522; Murfree on Official Bonds, §§ 36, 620, 719, 720.

3. It was error to allow the amendment at all. This is not like ordinary attachment against debtors. Each distress depends on its own separate facts, and is void without the necessary, specific, precedent affidavit. An affidavit for attachment against debtors is supported by any one of several grounds, and being validly supported by a proper amendment, adding another or different ground for attachment. The proper affidavit is a statutory prerequisite, and we submit that courts are powerless to say that that may be *subsequently* done which the law says must be *previously* done. This would be legislation.

4. We submit that sufficient causes were shown below for setting aside the award, and it was error to refuse to do so. The unknown kinship of one of the arbitrators was enough of itself.

5. The submission to arbitration discharged the sureties, and made it error to render judgment against them. Authorities, *supra*, and Wells on Replevin, § 795, and authorities cited in note to it.

There was no mutuality in the award, Lewis W. Thompson, the surety of Willis on the attachment bond, not being a party to the submission.

*Miller, Smith & Hirsh*, for the appellees.

1. Even if the appellants were in a position to assign error in the premises there was none in any view, for the court only permitted a matter of surplusage to be stricken out. The affidavit found among the papers, sets out that plaintiffs were then indebted to the defendant for rent in arrear. This was only obscured by the further statement that the tenants would remove their property from the leased premises before the rent should become due. In point of fact, under his written lease the rent was due, so that the

evident purpose of Willis was to declare that before he could get his money (by sale of cotton in the usual way in the county), the tenants would run their property off.

The avowry was in accord with the real fact stated in the affidavit, and I beg leave to repeat that if the affidavit should be considered defective in any particular, it was no part of the record proper, and could not have been reached by motion, nor have the appellants shown how they could have been prejudiced.

The court is asked to observe that the sureties do not join in the appeal—by the admitted plea on file they have released any error, if perchance there be error, by enjoining the judgment—so that these Hollingsworth's cannot complain of anything to the prejudice of their sureties. *McKinney* v. *Willis, ante* 82.

2. The second assignment of error relates to the action of the court in refusing to set aside the award on motion of appellants.

The bill of exceptions to the action of the court on the motion recites that on the hearing of the motion the plaintiffs in replevin read the following affidavits, 1, 2, 3, but they are not inserted in the bill, and this court has no means of knowing what they were. *Giegoldt* v. *Joor,* 60 Miss. 817.

But the motion, considered by itself, was absolutely destitute of merit, and was properly overruled. The idea of the court not being at liberty to consider it at that term is here announced for the first time. Counsel had not then been led off by the New Jersey decision, and took a rational and common-sense view of § 2412, and *both parties went upon the idea that action on the award was then to be had;* else why did they call up their motion, or allow it to be decided without objection? Certainly, the objection cannot be made here for the first time, even if counsel are right in supposing that the parties had until the next succeeding term to try their motion. If such a delay be contemplated by the statute, which we deny (and call for judgment upon for the benefit of litigants in other cases), it is for the purpose of allowing parties to present objections to the award after it is filed. If objections are made and passed on, tried and determined without objection as to the time, it is too late afterward to object.

Suppose parties allow an appearance case to go on the issue docket and be tried at the first term, would they afterward be heard to say it was tried too soon? But this motion appears to have been tried upon its face and upon affidavit, without objection in point of time.

Upon its face the motion had no merit in it—1st and 2d, because the evidence before the arbitrators was not and could not have become a matter for the court. *Anding* v. *Levy*, 60 Miss. 487.

3. These appellants are not concerned with the bond, and the sureties (*who joined in the bill of exceptions*) have not appealed, preferring to chance the chancery court. But if they were concerned with the bond, either on their own or their sureties' account, there is absolutely nothing *in the record*, if anywhere else, to show that the judgment was for a different cause of action. The bond was for the forthcoming of property seized for rent. The avowry was for that rent, and the judgment was for the rent to be satisfied by a return of the property. Section 2305 of the Code was expected and intended to obviate objections as to the precise form or condition of the bond.

COOPER, C. J., delivered the opinion of the court.

The appellee sued out a distress warrant against J. A. and G. W. Hollingsworth for the collection of rent and the price of supplies advanced by him for them. In his affidavit he stated that the tenants were indebted to him in a certain sum for rent in arrear, and that they were indebted to him in a certain other sum for supplies advanced, and that he had good reason to believe, and did believe, that the tenants would remove their effects from the leased premises before the rent would become due, so that no distress could be made therefor. On this affidavit a distress warrant was issued and levied. The tenants replevied the property, giving bond with McKinney & Bernard as sureties. In the circuit court the plaintiffs declared in replevin, and to this the defendant filed an avowry justifying the taking as one made for rent due and in arrear. The plaintiffs thereupon moved the court for judgment because of a departure by the avowry from the right set out in the affidavit.

On the hearing of this motion the court permitted the defendant to amend his affidavit by striking therefrom the allegation that he had cause to believe, and did believe, that the tenants would remove their goods from the demised premises before the rent would become due, and to this exception was taken by the plaintiffs.   After several terms of the court had passed it was agreed between the parties to efer the matters in controversy to arbitration under § 2410 of the code, which provides that " in all suits or actions in any court in this State, whether at common law or in chancery, it shall be lawful for the plaintiff and defendant to consent to a rule of court for referring all matters in controversy between them to the arbitrament of any person or persons who may be mutually chosen by them ; and the award of such referee or referees, being made and returned according to the rule or submission of the parties, and approved by the court and entered of record, shall have the same effect as the final judgment or decree of the court into which such award may be returned, and execution may issue thereon accordingly."

By § 2412 it is provided that an award so made may be for certain causes vacated by the court, " so as complaint, etc., be made before the end of the term of the court next after such award be made and returned to such court."

By the order of submission the cause was referred to A. J. Phelps and Chris. Hauser, and it was provided by the order that if they should fail to agree, they should select an umpire who should decide the matters ; and it was further ordered that if either of said arbitrators shall refuse or be unable to act, " then the party selecting him shall appoint some other person in his place."   The arbitrators failed to agree and selected an umpire, who made an award in favor of the defendant, which award was returned and filed in the court several days before its next term.   At that term the plaintiffs moved the court to set aside the award, which motion was heard and overruled by the court, and at the same term a final judgment was entered by which the plaintiffs and the sureties on their bond were directed to restore the property within ten days, or, in default thereof, to pay to the defendant its value, as found by

the umpire. From the final judgment this appeal is prosecuted, and the appellants assign for error the action of the court in permitting the amendment to the affidavit on which the distress warrant was issued, in overruling the motion to set aside the award, and in rendering judgment final at the first term of the court after the return of the award.

Counsel for appellants are mistaken in assuming that the affidavit for rent as originally made was for rent not due. It is true, it states for rent " in arrear," instead for rent " due and in arrear," in the words of the statute; it is also true that the affidavit contains an averment that the affiant had cause to believe, and did believe, that the tenants would remove their effects from the premises before the rent would become due. But an affidavit that rent is " in arrear " is an affidavit that it is overdue and unpaid. The definition of the word " arrear," as given by Webster, is " that which is behind in payment, or which remains unpaid though due." Worcester's is, " that which remains unpaid after it is due."

It may, therefore, be conceded for the purposes of this case, that the court could not permit an affidavit for distress to be amended, for what was done did not in any manner change the import of the affidavit or its legal effect.

The bill of exceptions does not show what, if any, evidence was introduced on the motion to vacate the award. It states that on the hearing of the motion the "plaintiffs read the following affidavits, marked 1, 2, and 3 (the clerk will here insert them);" but they are not inserted, and though certain affidavits do appear copied into the record, they nowhere appear in the bill of exceptions, nor do any appear at all marked 1, 2, or 3. By repeated decisions of this court they cannot be considered here. George's Dig., tit. Bill of Exceptions, III.

The objection that the court could not render judgment on the award until the end of the term next following its return is not well taken. The award was returned before the term of the court began, and the plaintiffs invited action upon it by their own motion. The court rightly assumed that they were then prepared to urge all objections which they expected to make. It was never contem-

plated by the statute that a party should try his case by piece-meal, and the tenants having submitted their objections to the award on grounds then deemed sufficient, cannot complain that opportunity was not given to them to make another contest.

No injury will be done to the tenants by limiting the time within which return should be made of the property attached, for whether returned or not, they were liable for the full amount of the debt found due to the landlord. If there was error in this as to the sureties, it cannot now be considered, since they have not appealed.

*The judgment is affirmed.*