GEORGE W. McCLELLAN, Exr.
*v.*
THE BOARD OF REVIEW OF JoDAVIESS COUNTY.

*Opinion filed December 16, 1902.*

1. TAXES—*duty of executor to list for taxation personal property held
in trust.*   Under section 6 of the Revenue act it is the duty of an
executor to list for taxation personal property held in trust by him
under the will, and such fund continues to be taxable in his hands
until it is actually distributed among the beneficiaries.

2. SAME—*a trust fund held by the executor is taxable where he resides.*
Credits composing a fund held by an executor in trust under the
provisions of the will are taxable in the county where the execu-
tor resides, in the absence of proof that they had a *situs* elsewhere.

APPEAL from decision of Board of Review of JoDaviess
county, upon Auditor's certificate.

This is an appeal by George W. McClellan, executor of the last will and testament of Robert H. McClellan, deceased, from the decision of the board of review of JoDaviess county, upon the certificate of the Auditor of Public Accounts, under the provisions of section 35 of the Revenue act of 1898.

It appears from the certificate of the clerk of the board of review and the accompanying exhibits, transmitted to this court by the Auditor, that Caroline L. McClellan, a former wife of Robert H. McClellan, died testate at Galena, JoDaviess county, February 14, 1876; that her will was admitted to probate July 10, 1877, and letters testamentary were issued by the probate court of said county to said Robert H. McClellan on July 18, 1877; that Caroline L. McClellan, deceased, left her surviving three children, viz., George W. McClellan, Mary McClellan and Robert Sanford McClellan, for whom she made the following provision in her will:

"*Fourth*—The residue of my estate to be divided equally, share and share alike, amongst my surviving children, and to be paid to them upon their, respectively, reaching their majority. But should any of my children, by reason of bad habits, or otherwise, be unfit, in the judgment of my executor, to manage or control their property, then in such case the share of such child shall be invested for his or her benefit and the income thereof only paid such child till such time as he or she shall be fit to take care of property."

Said Robert H. McClellan was named in the will as executor, without bond, and given the following direction as to the manner in which he should administer the estate: "No appraiser shall be appointed to appraise my estate. I authorize my executor to sell such portions of my estate as he may deem best, and to make such investment of all moneys belonging to my estate as he shall deem best for the same. He shall not be required

to inventory my estate, but shall take the same and hold and manage my estate, and all property and moneys belonging thereto, as in his judgment shall appear best. My said executor shall not be required to make any report to the county or probate court, but shall pay over to my children the share of each, according to the terms of this will, after deducting all proper charges and costs. It is my will that no money shall be paid to my children before their majority, excepting so much as my executor may deem proper or necessary for the education and support of my said children. And provided, also, that in case any one of my said children should require any of his money to go into business, and my executor should deem it safe and best, he may, in such case, advance a portion of such child's money for that purpose." The trust created by said will was accepted by Robert H. McClellan, and he continued to act as executor of the will of Caroline L. McClellan, deceased, until the time of his death, which occurred at Galena on July 23, 1902.

On April 11, 1899, Robert H. McClellan made his will, which, after making provision for Clara D. McClellan, his then wife, contained the following provision:

"*Third*—As I hold in trust all the money and property which belonged to the deceased mother of my children, George W. McClellan, Mary McClellan and Robert Sanford McClellan, and the accumulations thereof since her death, and which was devised to my children by their said mother, and in which, by an ante-nuptial contract, I had no interest, and whereas the amount of such fund, with the accumulated interest, now amounts to $120,000, as near as I can estimate the same, making the sum of $40,000 due on said fund to each one of my said children, and which I owe to them and hold in trust for them; and I hereby acknowledge that I owe my said children said sum of $120,000, the same being the money devised to them by their said mother and the interest on the same. The money was loaned by me for the use and benefit

of my said children and an account thereof kept by me. A portion of this fund now stands loaned by me, as trustee, and the rest in my own name. This trust fund is a sacred fund and trust, and must be first paid out of my estate. I have kept this fund loaned out for the benefit of my said children, as I could invest and manage it better for them than they could do themselves."

The estate of Caroline L. McClellan, deceased, had not been settled by Robert H. McClellan at the time of his death, and the trust fund in his hands had not at that time been distributed by him among the children of Caroline L. McClellan, deceased.

The will of Robert H. McClellan, deceased, was admitted to probate by the probate court of JoDaviess county on August 15, 1902, and George W. McClellan, his son, who is named as executor therein, duly qualified as executor. After he had qualified he found in the safe of said Robert H. McClellan, deceased, and took possession of, notes and mortgages to the amount of $120,000, which represented the trust fund in the hands of Robert H. McClellan as the executor of Caroline L. McClellan, deceased, and which were admitted to be good; that said trust fund had never been listed for taxation in Jo-Daviess county by Robert H. McClellan, as executor or trustee; that the notes were executed by non-residents, and the mortgages securing the same were upon lands located outside of the State of Illinois; that the beneficial owners of the said trust fund were, for the period intervening between April 1, 1899, and April 1, 1902, non-residents of the State of Illinois, Mary McClellan and Robert Sanford McClellan during that time being residents of the State of California and George W. McClellan a resident of the State of Alabama; that no proof was offered to show where said notes and mortgages were kept on April 1, 1902, or prior to that time, and that there was no testimony showing the amount of said trust fund, except as hereinbefore stated.

The board of review assessed George W. McClellan, as executor of Robert H. McClellan, deceased, upon said trust fund for the year 1899 the sum of $120,000 full value, assessed value $24,000; for the year 1900 the sum of $120,-000 full value, assessed value $24,000; for the year 1901 the sum of $120,000 full value, assessed value $24,000; for the year 1902 the sum of $120,000 full value, assessed value $24,000, and ordered the county clerk to extend the taxes, together with costs, on the above assessments for the years above named.

SHEEAN & SHEEAN, for appellant.

H. J. HAMLIN, Attorney General, and J. C. BOEVERS, State's Attorney, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

It is contended that as the beneficial owners of said trust fund were non-residents of the State of Illinois, and as there is no proof that the notes and mortgages which represent said trust fund were within the State of Illinois on the first day of April, 1902, or prior to that date during the time for which the same were assessed, said fund is exempt from taxation in this State and the board of review erred in assessing said fund.

It was contemplated by the framers of the constitution that all property in this State should be listed for taxation unless expressly exempted therefrom, (*People* v. *Theological Seminary,* 174 Ill. 177,) and in part to effectuate that intention section 6 of the Revenue act (Hurd's Stat. 1899, p. 1394,) was passed, which provides that every person of full age and sound mind, being a resident of this State, shall list all moneys and personal property invested, loaned or otherwise controlled by him as the agent or attorney or on account of any other person or persons, company or corporation, whatsoever, and that personal property held in trust shall be listed by the

trustee, and that the estate of a deceased person shall be listed by the executor or administrator of such estate. Under the provisions of this act it was the duty of Robert H. McClellan to list the personal property of Caroline L. McClellan, deceased, in his hands as executor, for the purpose of taxation, and such fund continued to be taxable in his hands until it was actually distributed among the beneficiaries named in the will; (Cooley on Taxation, —2d ed.—pp. 375, 376, and notes;) and the fact that the fund may have been loaned by the executor beyond the jurisdiction of the State, through agents appointed in other States, and that the securities taken therefor may have remained for a time in the possession of such agents, did not change the rule.   The executor being a resident of this State and the legal title to the fund being vested in him, this State had jurisdiction over his person and over the fund and the credits which represented it, which, in legal contemplation, in the absence of any showing that they had a *situs* elsewhere, accompanied his person and were assessable in the county in which he resided, as the general rule is, subject to certain exceptions within which this case does not fall, that personal property taxable as credits has its taxable *situs* at the domicile of the creditor.   *Goldgart* v. *People,* 106 Ill. 25; *People* v. *Davis,* 112 id. 272; *Cooper* v. *Beers,* 143 id. 25; *Scripps* v. *Board of Review,* 183 id. 278; *Hayward* v. *Board of Review,* 189 id. 234.

It clearly appears that the fund in question was in the hands of and under the control of the executor of Caroline L. McClellan, deceased, during the four years for which it was assessed by the board of review, and that it was not listed or taxed during those years, and that the same was subject to taxation in JoDaviess county during that period.   The decision of the board of review, therefore, will be approved.          *Decision approved.*