GRAND COURT OF TEXAS INDEPEND-
ENT ORDER OF CALANTHE v.
JOHNS. (No. 1542.)

(Court of Civil Appeals of Texas. Texarkana.
Dec. 30, 1915. Rehearing Denied
Jan. 6, 1916.)

1. INSURANCE ⊚⟵750—FRATERNAL ASSOCIA-
TION—BENEFIT—FORFEITURE—TO BE IN "AR-
REARS."

Where the laws of a fraternal benefit as-
sociation required a member to be in arrears
one month in payment of endowment dues in or-
der to forfeit his right in the endowment fund,
and insured, who had until January 30th to pay
the endowment dues for which it was contended
she was in arrears, died on February 29th, her
endowment right was not forfeited, since "to be
in arrears," meaning to be behind in the pay-
ment of that which is due, deceased would not
be in arrears until the expiration of the month
after January 30th.

[Ed. Note.—For other cases, see Insurance,
Cent. Dig. §§ 1895, 1896, 1903; Dec. Dig. ⊚⟵
750.

For other definitions, see Words and Phrases,
First Series, Arrears.]

2. INSURANCE ⊚⟵756—BENEFIT ASSOCIATION
—SUMMARY SUSPENSION—FORFEITURE.

Where such laws further provided proce-
dure for the suspension of a member for nonpay-
ment of dues with notice and a hearing, a sum-
mary suspension by her local lodge without con-
formity to such procedure was invalid.

[Ed. Note.—For other cases, see Insurance,
Cent. Dig. §§ 1917, 1918; Dec. Dig. ⊚⟵756.]

3. INSURANCE ⊚⟵750—BENEFIT ASSOCIATION
—FUNERAL BENEFITS — ARREARS — FORFEI-
TURE.

Where such laws further provided, "if at
death a member is in arrears for endowment
one quarter, dues, fees, etc., to the amount of
three months' dues, funeral benefits shall not
be paid," and deceased was in arrears for some,
but not other, assessments due from her, her
beneficiary's right to the funeral benefits was
not forfeited, since such provision of the laws
must be construed as meaning that, before the
member is liable to suspension, he must owe all
such assessments for the full period of three
months.

[Ed. Note.—For other cases, see Insurance,
Cent. Dig. §§ 1895, 1896, 1903; Dec. Dig. ⊚⟵
750.]

Error from Bowie County Court; Lee Tid-
well, Judge.

Action by Matthew Johns against the
Grand Court of Texas Independent Order of
Calanthe. Judgment for plaintiff, and de-
fendant brings error. Affirmed.

Rollin W. Rodgers, of Texarkana, for
plaintiff in error. Mahaffey & Keeney and
N. L. Dalby, all of Texarkana, for defend-
ant in error.

HODGES, J. The plaintiff in error is a
fraternal benefit association doing business
in this state. It consists of a Grand Court,
or lodge, for the state of Texas, and vari-
ous subordinate courts or lodges situated in
Bowie and other counties of the state. Its
business is, among other things, to establish
a fund for the relief of sick and distressed
members, and an endowment fund for the

benefit of the families or those dependent up-
on its members, as such members might di-
rect. It has a constitution and by-laws for
its government, and in which are expressed
the conditions which govern its liability to
its members. The defendant in error insti-
tuted this suit to recover upon a policy of in-
surance issued by the plaintiff in error up-
on the life of his wife, and for certain fu-
neral benefits which it is claimed were due
under the rules and regulations of the order.
Lulu Johns, the wife of the defendant in er-
ror, died on February 29, 1912. The pay-
ment of the policy is resisted upon the
ground that at the time of her death she
was not in good standing in the order, by
reason of her failure to pay the various dues
and assessments required under the consti-
tution and by-laws, and that for this reason
she had forfeited all rights under the terms
of her policy of insurance. The case was
tried before the court without a jury, and a
judgment rendered in favor of the defendant
in error for $300, the full amount of the in-
surance, and for $75 as funeral benefits.

In the errors assigned it is contended that
the undisputed evidence shows that all rights
under the policy had been forfeited on ac-
count of the nonpayment of the various dues
and assessments required. The following
provisions of the constitution and by-laws
are referred to:

"Section 2. The endowment fees shall be
—— a quarter; said dues are obligatory and
shall be charged and collected from the member-
ship together with regular monthly dues.

"Section 3. The register of deeds of each sub-
ordinate court in the jurisdiction shall send a
quarterly report of the entire financial member-
ship to the secretary of endowment board, to-
gether with the quarterly dues, on or before the
15th of each quarter; the extreme limit being
the 30th day of January, April, July and Octo-
ber. Any member's name failing to appear on
the financial roll shall be declared unfinancial
without further notice. To be made financial
said member's application must be accompanied
by all back dues presented to the court at its
regular meeting and received by a vote of its
members.

"Section 4. A member one month in arrears
with endowment dues forfeits all right to ben-
efits from the endowment department."

In 1910 the Grand Court of the state in its
regular session in the city of Waco adopted
the following resolution:

"Be it resolved, that the local court is com-
pelled under the order of this resolution to re-
mit the endowment tax of each financial member
on or before the 30th day of the first month of
each endowment quarter."

On the same date the following additional
resolution was adopted:

"Resolved, that any member failing to pay
the endowment tax by the 30th day of the first
month of the endowment quarter of the endow-
ment year is nonfinancial in the order of Cal-
anthe, Jurisdiction of Texas. The member pay-
ing his or her dues after the above-mentioned
date to the recorder of accounts, or any other
member of the court, shall do so at their own
risk; and the member is not reinstated until ac-
cepted by a vote of a majority of members pres-

⊚⟵For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ent, they having been duly notified. Notice of reinstatement must be signed by W. C. and R. of Deeds, attested by court seal. If endowment assessment is then sent secretary of endowment board, same must be by registered letter."

Other provisions of the constitution fix the quarterly dues for the endowment policy, such as that sued on in this instance, at $1 per quarter, and the monthly dues at not less than 25 cents per month. There was also a per capita tax of 12 cents per member, to be paid semiannually; a Pythian tax of 10 cents per member, to be paid annually in January; and an emergency tax of 5 cents per member, to be paid annually on November 1st. In addition to these there was a building tax in a small amount, which was to be paid to the local court. It is contended that at the time of her death Lulu Johns was in arrears in the sum of $3.90, as follows:

| | |
|---|---|
| January and February dues | $0.50 |
| January endowment assessment | 1.00 |
| January per capita tax | .25 |
| November emergency tax | .05 |
| Building tax | 2.10 |
| Total | $3.90 |

It appears that she was notified of her arrearages, and requested to make payment in order to retain her good standing in the order. She attended a meeting of her local court on February 15th, when the minutes show that the following proceedings were had:

"Sister Lulu Johns was handed written statement of her indebtedness to P. P. Court No. 8, and told personally that she now stands suspended and will not be permitted to sit with us until her indebtedness is paid. W. C. declared her suspended. Her indebtedness is:

| | |
|---|---|
| January and February | $0.50 |
| January endowment and per capita tax | 1.25 |
| Emergency tax | .05 |
| Building tax | 2.10 |
| Total | $3.90" |

Lulu Payne, who testified for the plaintiff in error and who kept the minutes upon that occasion, stated:

"The minutes of the lodge which I have read here show the action of the lodge on Lulu Johns' suspension. This occurred on February 15, 1912."

The only provision of the constitution or by-laws referred to in the statement of facts as authorizing the suspension of members for the nonpayment of dues is the following:

"Section 11. The register of accounts must report to the court the name of any member two months in arrears, reporting same to the W. C., who shall fix a time for action in the matter. Said member must be notified of indebtedness by the register of accounts, according to article 7, section 7, reporting to the court in what manner and when notice was given, whereupon the court shall determine the sufficiency thereof. If member appears he or she shall be heard before a committee appointed in such manner as the court may direct, and after the accounts are brought before the court it shall be determined whether said member was found to be one quarter in arrears. If the vote is in the affirmative the W. C. shall declare the member suspended."

Another provision is as follows:

"Any member in arrears to the court for three months shall not be entitled to vote and shall be disqualified from any office until such arrears are paid."

Section 4 of article 16 of the constitution and by-laws is as follows:

"The funeral benefits, in case of death of a member, shall not be less than twenty-five ($25.-00) dollars nor more than seventy-five ($75.00) dollars.

"Section 5. *Members Not in Good Standing at Death.*—If at death a member is in arrears for endowment one quarter, dues, fees, etc., to the amount of three months' dues, funeral benefits shall not be paid."

[1] Taking up the assignments in their order, we shall consider first whether at the time of the death of the insured she has forfeited the right to what is termed the endowment fund. It will be observed that the only provision of the constitution which provides for a forfeiture of that benefit requires the member to be one month in arrears. It will also be observed that according to the laws of the order the insured had until the 30th day of January to pay her endowment dues and assessments; her arrearage began when that day ended without the making of those payments. It is undisputed that her endowment dues and assessments had been paid up to January 1, 1912. The benefits under the policy were not forfeited till she had remained in arrearage for one entire month after the 30th day of January. To be in arrears means to be behind in the payment of that which is due. It implies a default, a failure to pay according to some existing obligation. 29 Cyc. 174; Bacon on Benefit Societies, § 389; Hollingsworth v. Willis, 64 Miss. 152, 8 South. 170. The period of arrearage which was to terminate in a forfeiture had not expired at the time of her death on the 29th of the following February. Hence we conclude that her rights to the endowment fund had not been forfeited.

[2, 3] It is contended, however, that even if the policy of insurance had not been forfeited, the insured was not in good standing in the local court by reason of her failure to pay the local dues and assessments, and therefore her beneficiary was not entitled to collect any of the funeral benefits. The extract which we have quoted from the record of the proceedings of the local court, and which is relied upon as proving a suspension, does not show a compliance with the requirements of the laws of the order. It rather evidences an informal and summary procedure which could not operate to deprive the insured of the benefits accruing under her policy. Section 5, quoted above, which provides that if at death a member is in arrears for endowment one quarter, dues, fines, fees, etc., to the amount of three months' dues, funeral benefits shall not be paid, must be construed as meaning that before the member is liable to suspension he or she must owe all of these fees, fines, and dues for

the full period of three months. That does not appear to have been the case in this instance; for, according to the evidence, Lulu Johns was not three months in arrears for all of her dues to the Grand Lodge, or to the local lodge. We therefore conclude that the court properly awarded judgment for the funeral benefits.

The judgment is affirmed.