(No. 12924.—Judgment affirmed.)

THE BOARD OF EDUCATION OF GLEN ELLYN TOWNSHIP HIGH SCHOOL DISTRICT No. 87 *et al.* Appellants, *vs.* GEORGE BOGER *et al.* Appellees.

*Opinion filed December 17, 1919—Rehearing denied Feb. 5, 1920.*

1. TAXES—*statute does not regard administrator as the "owner" of property omitted from assessment in lifetime of his intestate.* Section 35 of the act for the assessment of property treats a claim for taxes on property omitted from assessment during the owner's lifetime as a claim against his estate and not as a claim against the administrator as owner of the property, as in the case of regular taxes assessed after the appointment of the administrator.

2. SAME—*omitted taxes of deceased owner of property are due at the place where he resided.* Taxes on property assessed by the board of review as property omitted from assessment by the owner during the last years of his lifetime should be assessed in and collected for the school district in which such owner resided during those years and not in and for the school district where his administrator resides at the time the omitted assessment is made.

APPEAL from the Circuit Court of DuPage county; the Hon. MAZZINI SLUSSER, Judge, presiding.

RICHARD F. LOCKE, and CHURCH & SHEPARD, (FRANK L. SHEPARD, of counsel,) for appellants.

CHARLES W. HADLEY, and GEO. W. THOMA, (RATHJE & WESEMANN, C. C. CARNAHAN, and T. H. SLUSSER, of counsel,) for Alfred C. Hoy, administrator, appellee.

MICHAEL KROSS, and FELSENTHAL, WILSON & STRUCKMANN, (WILLIAM F. STRUCKMANN, of counsel,) for other appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellants, the Board of Education of Glen Ellyn Township High School District No. 87 and the Board of Education of School District No. 41 of the county of DuPage, filed a petition for *mandamus* in the circuit court of said county against the appellees, George Boger and others, members of the board of review of said county, Aaron A. Kuhn, county clerk, the directors of school district No. 38, and Alfred C. Hoy, administrator of the estate of William P. Cowan, deceased. Appellees filed a general demurrer to appellants' petition, which was sustained by the court and judgment thereon entered. That judgment is attacked by this appeal.

The facts stated in the petition and admitted by the demurrer are the following: William P. Cowan resided during the years 1914 to 1918, both inclusive, in school district No. 38, in said county, and continued to live therein up to his death, August 13, 1918. On September 9, 1918, Alfred C. Hoy, public administrator of said county, was by the county court of DuPage county appointed administrator of the estate of the deceased and took charge of the assets of his estate and has since continued to act as

such administrator, and on April 1, 1919, was residing in Glen Ellyn Township High School District No. 87 and school district No. 41 and in the village of Glen Ellyn, in said county. The local assessor made and entered the personal property assessment for the year 1919 against Hoy, as administrator aforesaid, at his residence, in the sum of $1,500,000 full value. That amount was reduced by the board of review to the sum of $1,325,000 full value. The board of review, during its session for the year 1919, found that Cowan had not listed for assessment certain personal property owned by him for the years 1914 to 1918, both inclusive, while he was so residing in school district No. 38, aforesaid. The board of review thereupon made and entered a personal property assessment against the personal property of Cowan, and assessed the same in the name of Alfred C. Hoy, as administrator of the deceased, upon credits and other personal property found by the board to be omitted from the assessment and taxation, as follows: For 1914, $575,000 full value, $191,667 assessed value; for 1915, $635,000 full value, $211,667 assessed value; for 1916, $875,000 full value, $291,667 assessed value; for 1917, $980,000 full value, $326,667 assessed value; for 1918, $1,220,000 full value, $406,667 assessed value. The board of review made and entered the assessment for back taxes from the property so omitted from taxation for said years in school district No. 38, after due notice to the administrator. Hoy does not, and never did, reside in school district No. 38, and Cowan never resided in Glen Ellyn Township High School District No. 87 or in school district No. 41. Appellees Boger, Senne and Reed constitute the board of review. Appellee Kuhn is the county clerk, and declared that he will follow the entry of said assessments for such omitted years in school district No. 38 and will extend the taxes thereon for said years in said district, and will not extend the assessments and the taxes for said years in Glen Ellyn Township High School District or school dis-

291 — 13

trict No. 41 unless ordered by the court. Appellants were organized school districts, conducting schools and levying and collecting taxes for the same during all of said years. The prayer of the petition is that the taxes on the property omitted from assessment by Cowan for said years be assessed in Glen Ellyn High School District No. 87 and school district No. 41 in the village of Glen Ellyn, where Hoy resided, and not in school district No. 38.

The question to be decided in this case is whether the omitted property for the years above mentioned should be assessed in the district and collected for the district where the decedent resided at the time the property was omitted from assessment, or whether it should be assessed and collected for the districts where his administrator resided on April 1, 1919. The only taxes involved are the omitted taxes for the years mentioned. No question is raised concerning the current taxes for the year 1919.

Every competent resident of this State is required by section 6 of our Revenue act to list his own moneys, credits, bonds, stocks, etc., in his own name and at the place of his residence for the purposes of taxation, and such property of a deceased person shall be listed by his executor or administrator, if there is one appointed. By section 19 of the act an executor or administrator is required to list the property of his decedent in the same place in which he is required to list his own property and separate from his own. Such property of the decedent is assessable and taxable in the name of his executor or administrator, and at the residence of such legal representative, so long as it is under his control and until distributed, and if such property is not so listed by him and so taxed while in his possession during any prior years, the board of review may, under the sections hereinafter referred to, assess such legal representative for said years and order the county clerk to extend the taxes for said years, together with the interest penalty, as provided by such sections. (*McClellan* v. *Board of Re-*

*view,* 200 Ill. 116.) This is so because the legal representative is regarded by the statute, in matters of taxation, as the legal owner and possessor of the property after his appointment and until the property is distributed and is made personally responsible for the taxes. He cannot be, and is not, regarded by the statute as the legal owner or possessor of the decedent's property at any time during the lifetime of the decedent.

The omitted assessments and taxes in question in this case are for prior years, and the property was not owned or possessed by the administrator but by the decedent in his lifetime. The question whether or not the property shall be taxed in school district No. 38 or in the appellant school districts is to be solved entirely from a consideration of sections 276, 277, 278 and section 35 (or paragraph 329) as amended in 1915, because they are the only sections applicable to the question. Those sections provide as follows:

"Sec. 276. If any real or personal property shall be omitted in the assessment of any year or number of years, or the tax thereon, for which such property was liable, from any cause has not been paid, or if any such property, by reason of defective description or assessment thereof, shall fail to pay taxes for any year or years, in either case the same, when discovered, shall be listed and assessed by the assessor and placed on the assessment and tax books. The arrearages of tax which might have been assessed, with ten per cent interest thereon, from the time the same ought to have been paid, shall be charged against such property by the county clerk. It shall be the duty of county clerks to add uncollected personal property tax to the tax of any subsequent year, whenever they may find the person owing such uncollected tax assessed for any subsequent year.

"Sec. 277. If the tax or assessment on property liable to taxation is prevented from being collected for any year or years, by reason of any erroneous proceeding or other cause, the amount of such tax or assessment which such

property should have paid may be added to the tax on such property for any subsequent year, in separate columns designating the year or years.

"Sec. 278. No such charge for tax and interest for previous years, as provided for in the preceding section, shall be made against any property prior to the date of ownership of the person owning such property at the time the liability for such omitted tax was first ascertained: *Provided,* that the owner of property, if known, assessed under this and the preceding section, shall be notified by the assessor or clerk, as the case may require."

"Sec. 35. The board of review shall, in any year, whether the year of the quadrennial assessment or not:

"*First*—Assess all property subject to assessment which shall not have been assessed by the assessor, and list and assess all property real or personal that may have been omitted in the assessment of any year or number of years, or if the tax thereon, for which such property was liable, from any cause has not been paid, or if any such property, by reason of defective description or assessment thereof shall fail to pay taxes for any year or years, in either case the same, when discovered, shall be listed and assessed by the board in its revision of assessments, and the board may make such alterations in the description of real or personal property as it shall deem necessary.

"*Second*—No such charge for tax of previous years shall be made against any property prior to the date of ownership of the person owning such property at the time the liability for such omitted tax was first ascertained, provided, that an assessment of real or personal property omitted from taxation by a decedent during his lifetime, shall be made against said property and be assessed in the name of the personal representative as executor, administrator, or trustees of such decedent's estate. The owner of real or personal property, and the executor, administrator or trus-

tees of a decedent, whose property may have been omitted in the assessment in any year or number of years, or on which a tax for which such property was liable, has not been paid, and the several taxing bodies interested therein, shall be given at least five days' notice in writing by the board of the hearing on the proposed assessment of such omitted property and the board shall have full power to examine the owner or the executor, administrator, trustees, legatees or heirs of such decedent or other person touching the ownership, kind, character, amount and the value of such omitted property or credits.

"*Third*—If the board shall determine that the property of any decedent was omitted from assessment during any year or number of years or that a tax for which such property was liable has not been paid, it shall be the duty of said board to give written notice to the executor, administrator or trustees of such decedent of the assessments made against such property and the amount thereof, and thereupon it shall be the duty of such executor, administrator or trustees to retain in his or their hands sufficient of the assets of such decedent's estate to pay the tax when extended on such assessment and it shall be the duty of the county clerk to file in the county or probate court a copy of such assessment together with the rate of taxation thereon, certified by such county clerk and upon the filing of such certificate the county or probate court shall enter an order directing such executor, administrator or trustees to deposit with the clerk of the court or to sequester sufficient of the assets of said estate to pay the taxes on said assessments when extended as now provided by law or to enter into bond in double the amount of said tax with sureties to be approved by the court conditioned for the payment of said tax when so extended, and when so extended by the county clerk the full amount of such tax shall be a claim of the first class against such estate: *Provided, how-*

*ever,* that an assessment of omitted property by the board of review in the manner provided in this act shall not be subject to review by any succeeding board.

"For the purpose of enforcing the provisions of this act, the several taxing bodies interested therein are hereby empowered to employ counsel to appear before said board and take all necessary steps to enforce the assessment on such omitted property."

The first three of the four sections were enacted in 1872 and have been modified by section 35 as amended in 1915. Section 276 has been rendered partially inapplicable to this or any other proceeding since the amendment of section 35. (*People* v. *Sellars,* 179 Ill. 170; *Stevens* v. *Henry County,* 218 id. 468; *People* v. *Webb,* 256 id. 364; *People* v. *National Box Co.* 248 id. 141.) The local assessor is no longer required to list and assess the property, but by section 35 the board of review is required to do this. It will also be noted that the administrator or owner of property is not required to list property under any one of these four sections.

We think it is clear, after a careful consideration of said four sections, that the property in question was properly listed and assessed by the board of review in school district No. 38 and that the demurrer of the appellees was properly sustained by the court. One of the things made prominent in these four sections is, that no such charge for taxes and interest shall be made against any property prior to the date of ownership of the person owning such property at the time the liability for such omitted tax was first ascertained, and that that owner, if known, shall be notified of such assessment. In case the owner is dead the property itself is directly taxed but in the name of the administrator, if there is one, because there is no owner of the property for the years taxed and because he is possessed of the funds that must pay the tax. It is clear that there is no

liability against the administrator personally for such tax by such assessment until all the requirements of section 35 are complied with, and that his liability is the same then as on any other probated claim and sufficient funds are in the estate to pay the same. This section treats the claim for taxes as an original claim against the decedent and allows it to be probated as a first-class claim against the estate. This shows clearly that it is not a claim against the administrator as owner of the property, as taxes assessed against the property of the decedent for the years after his appointment and before distribution are regarded. For such latter taxes he is treated as an owner in every sense of the word. He is required to list the property for such years, and in case he fails to do so and the assessor assesses him for the property as administrator, even without notifying him, he is personally liable for the taxes although he may have distributed all the funds. *People* v. *Hibernian Banking Ass'n,* 245 Ill. 522.

Another reason for our conclusion is, that the omitted assessments and taxes are referred to in these sections as "the arrearages of tax which might have been assessed," and it is provided by the statute that a penalty of ten per cent interest thereon shall be collected "from the time the same ought to have been paid." Arrears or arrearages, as defined by our best lexicographers, are some things overdue and unpaid, outstanding debts or liabilities,—and that is a common definition of these terms when found in the law. (*Hollingsworth* v. *Willis,* 64 Miss. 152.) Interest is the legal damages or penalties for the unjust detention of money, as used in this statute. (*County of Madison* v. *Bartlett,* 1 Scam. 67.) There were no arrearages against the administrator as owner and no reason for assessing a penalty against him as owner. He was in no fault whatever. There was nothing due appellants from the decedent or his estate for arrearages, and hence there was no reason

to penalize the estate or the administrator by allowing to appellants interest as a penalty. There was every reason for allowing interest or a penalty against decedent's estate to school district No. 38.

In conclusion we may add that it is not possible for the county clerk to "find the person owing such uncollected tax assessed" for the subsequent years aforesaid, as provided in section 276, because such owner is dead, and the administrator is not the one owing the tax, within the meaning of that section. It would not be proper, therefore, for the county clerk to add these taxes for arrearages to the taxes of the administrator which he owes as administrator or owner to appellants. Neither the administrator nor the deceased ever owed such arrears to appellants. The deceased in his lifetime did justly owe these arrearages to school district No. 38. His estate now owes them to that district, and section 35 contemplates that that debt "shall be a claim of the first class" in favor of that district and not in favor of appellants. The general rule of law is that, in the absence of a statutory provision to the contrary, property should be assessed and taxed in the name of the owner at the place where he resides and in favor of the taxing district in which he resides, for all years that the same is taxed. (Cooley on Taxation,—3d ed.—665; 37 Cyc. 947.) No one of the sections provides in terms where those arrears should be assessed and taxed, but from all the provisions of those sections the implication is strong that school district No. 38 is to have the benefit of those assessments, and we must so interpret the statute.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*